## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN FRANCISCO CACERES** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-5450** |
| | : | |
| **J.L. JAMISON**, *et al.* | : | |

## ORDER

This 4th day of August, 2026, upon consideration of Petitioner Juan Francisco Caceres's

Petition for Writ of Habeas Corpus, ECF 1, and the Government's Response, ECF 3, it is hereby

**ORDERED** that the Petition is **GRANTED**.[1]

---

[1]    I have previously held that noncitizens detained well after their entry to the United States are not actively "seeking admission" under the meaning of 8 U.S.C. § 1225(b)(2). *See Jeireb v. Jamison*, No. 26-cv-0071, Dkt. No. 4 (E.D. Pa. Jan. 8, 2026). Before immigration officers detained him, Mr. Francisco Caceres had lived in the United States since 2010. *See* Pet. ¶¶ 18–20, ECF 1. Moreover, the central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation: *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1–2 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4–7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Diallo v. O'Neill*, No. 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.).

Shifting to a broader lens, one is hard-pressed to accept that Congress intended to mandate detention of all immigrants in the United States who lacked permission to enter, and even more hard-pressed that it would have done so in such an opaque fashion. This is reinforced by the fact that no prior Administration has adopted the view now advanced by the Government.

The Government has previously cited *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as persuasive authority for its position. In my view, the majority in that case fails to account for the fact that the use of different terms between § 1225 and § 1226, such as "arriving aliens" and "inspection by immigration officers," strongly suggests that Congress intended to address two distinct situations. The Supreme Court appears to have recognized as much in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). The majority opinion also fails to recognize that its construction of the statute would necessarily render some parts of § 1226 superfluous, a result to be avoided.

More recently, another circuit endorsed the Government's view. *See Avila v. Bondi*, No. 25-cv-3248, 170 F.4th 1128 (8th Cir. 2026). Like *Buenrostro-Mendez*, *Avila* was a split decision, and Judge Erickson's dissent makes telling points about the context of the INA and the history of the IIRIRA, including his observation that "[a]ll three branches of government understood the IIRIRA to maintain the

**IT IS FURTHER ORDERED** that:

1.      The Court finds that Mr. Francisco Caceres is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.      The Government shall release Mr. Francisco Caceres from custody immediately, return all personal belongings confiscated upon or during his detention, including his identification documents, and certify compliance with this order no later than **1:00 p.m., August 5, 2026**.

3.      The Government is temporarily enjoined from re-detaining Mr. Francisco Caceres for seven days following his release from custody.

4.      If the Government pursues re-detention of Mr. Francisco Caceres, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Francisco Caceres's removal proceedings.

5.      If the Government pursues re-detention of Mr. Francisco Caceres, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Francisco Caceres from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this Order.  If the neutral immigration judge determines Mr. Francisco Caceres is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission to move Mr. Francisco Caceres if

---

distinction between unadmitted noncitizens in the interior and those arriving at the border for detention purposes." *Id.* at 1140 (Erickson, J., dissenting).

An overwhelming majority of federal courts nationwide have rejected the Government's position, a consensus that now includes six circuit courts. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *petition for cert. filed*, No. 26-104 (U.S. July 24, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 24, 2026); *Cirrus Rojas v. Olson*, No. 25-3127 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).

I continue to endorse that consensus.

unforeseen or emergency circumstances arise that require his removal from this District.  That request must set forth the grounds for the request and a proposed destination.

6.    Upon the Government's filing of the certification required by Paragraph 2, the Clerk of Court shall mark this case as **CLOSED**.

 /s/ Gerald Austin McHugh
United States District Judge

3